ERVIN, Justice
(concurring):
I concur in the opinion prepared by Justice CALDWELL. However, in addition to what is said in the foregoing opinion, I think we should point out that the 1963 and 1965 Legislatures removed from the Florida Racing Commission any discretion to disapprove an annual license to Relator to conduct harness racing at the leased location, viz., Tropical Park, on designated dates. Ch. 63-130 added F.S. § 550.37, F.S.A., which provides that a dog track, horse track or harness track permittee and licensee shall be granted the right to conduct harness racing at a location within any *558 county where two or more elections have been held which favored operation of parimutuel pools within the county at horse and dog tracks, provided the applicant for two years immediately preceding its application had an average daily pari-mutuel pool of less than $20,000.00 for its seasonal operation. Thereafter in said chapter subsections (7), (8) and (9) read as follows:
“(7) Such permittee and licensee upon the approval of its application by the racing commission pursuant to the provisions of this act may conduct harness racing at the facilities or plant leased by it from any horse race permittee or licensee in any county within the authorized area designated in this act not more than forty miles from the applicant’s designated location, provided the said horse race permittee has a valid permit and license issued to it under the provisions of chapter 550, and said applicant-permittee and licensee may conduct such harness race meetings at said leased premises provided, that said permittee and licensee may thereafter construct its own facilities and its own plant at the location designated in its approved application. Such applicant-permittee and licensee may, pending the construction of its permanent facilities, operate at said leased premises and may thereafter divide its season of racing between its leased location and its permanent loca-' tion so long as said locations remain within the authorized county or counties as elsewhere herein defined. If said per-mittee’s season of racing is divided as aforesaid, the limitation of seventy-five miles between harness track locations shall not apply. The seventy-five mile limitation between the harness tracks hereinabove provided in regard to other permittees shall be measured from the location designated in said permittee’s application to the racing commission.
“Nothing herein contained shall authorize the permittee and licensee to operate more than ninety racing days.
“Provided no such permit or harness racing may be moved to or permitted in any county having two or more horse track permits.
“(8) The distance provisions contained in § 550.02 and 550.05 shall not be applicable to any harness race permittee who is required by the terms of this act to conduct harness racing at night only, nor shall § 550.17 be applicable to any permit-tee whose permit is transferred under the provisions of this section.
“(9) The provisions of chapter 550 as the same pertain to horse racing shall be applicable to harness racing except those provisions which are inconsistent herewith, and where the provisions of chapter 550, are by implication inconsistent with or are, in fact, in conflict with the provisions of this act, then this act shall govern harness race track permittees or licensees, and harness racing.”
The 1965 Legislature enacted Chapter 65-530, adding F.S. § 550.371, F.S.A., which is couched in mandatory language. This language repealed conflicting language in Chapter 63-130, primarily the prohibition against harness racing in any county having two or more horse track permits. It reads as follows:
“550.371 Harness racing; authority to conduct on. leased and permanent locations in certain counties. — All holders of harness racing permits who are authorized by law to divide their season of racing between a leased location and their permanent location shall have the right and privilege in accomplishing the division of their racing season to lease facilities in a county having two (2) or more horse tracks operating under valid permits, and to conduct at such leased facilities harness racing for not more than forty-five per cent (45%) of their allowable racing days.”
It is quite apparent these statutes, and particularly the portions emphasized, apply to Relator. Relator had authority from *559 F.S. § 550.37(7), F.S.A., to make provision to divide its racing season between its permanent location and a leased location. When Relator leased Tropical Park to achieve the division of its racing season it satisfied F.S. § 550.371, F.S.A. Thereby, the Legislature granted Relator the right to conduct harness racing at the leased location, Tropical Park. It follows we have no alternative except to issue the peremptory writ.
DREW, J., concurs.